IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JEFFERSON STREET HOLDINGS, LLC, d/b/a cradl. Ltd.,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OTTER PRODUCTS, LLC,<br>　　　　　　Defendant. | Civil Action No. 1:23cv1514-RMS-SBP |

## UNOPPOSED MOTION REGARDING RESTRICTED FILING

Defendant Otter Products, LLC ("Otter") submits this motion in connection with the restricted filing of its Answer and Countercomplaint. As set forth in the Notice Regarding Restricted Filing (ECF No. 22), Otter filed its Answer and Countercomplaint and exhibits thereto under Level 3 Restriction based on the assertion of Plaintiff Jefferson Street Holdings, LLC ("Plaintiff") that any action—including filing the Answer—would enlarge the dispute. Undersigned counsel conferred with Plaintiff relating to this Motion pursuant to D.C.Colo.LCivR. 7.1(a), and understands that Plaintiff does not oppose, but does not join, the request.

On August 2, 2023—shortly after the Answer and Countercomplaint were filed under Level 3 restriction—counsel for Plaintiff requested and was provided a copy of the Answer and Countercomplaint. As such, Otter submits that Level 3 restriction is therefore no longer needed, and that Level 1 restriction would suffice to maintain the status quo pending disposition of the Motion to Disqualify (ECF No. 17). As undersigned counsel has previously noted, the arguments and materials presented in Otter's Answer and Counterclaims were not identified or

drawn from any previous work product or communications on behalf of Elizabeth Inc. (the original applicant of the patents-in-suit, and Plaintiff's asserted predecessor-in-interest), but instead identified entirely by Otter or by undersigned counsel based on publicly available information.  To be clear, Otter does not suggest Level 1 restriction based on its own confidences, and does not concede that any material in the filing implicates confidences or privileges that may be asserted by Jefferson Street, but proposes the temporary restriction to avoid enlargement of the present dispute before the Court.  To the extent any additional bases for restriction are appropriate for the consideration of the Court, Jefferson Street may articulate same in its own filing to join in the present motion.

      Lesser redactions are not currently possible, as Plaintiff has not identified any specific material or allegation it believes implicates its confidences.  Notwithstanding, a brief Level 1 restriction of ECF No. 21 and the exhibits thereto pending disposition of the Motion to Disqualify serves the interests of justice because it ensures the scope of the dispute before the Court is focused, and can be lifted following the Court's forthcoming disposition of the same motion.  Otter submits that it is working diligently on its Opposition to the Motion to Disqualify and anticipates filing same in advance of the current deadline of August 21 (D.C.Colo.L.R. 7.1(d)).  Any Level 1 restriction would be temporary and appropriately lifted following disposition of the Motion to Disqualify.

Dated: August 15, 2023

Respectfully submitted,

s/ *James Beard*
MERCHANT & GOULD, P.C.
James W. Beard
jbeard@merchantgould.com

1801 California Street, Suite 3300
Denver, Colorado 80202
(303) 357-1670

*Attorneys for Defendant*

## Certificate of Service

I hereby certify that on August 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Matthew J. Antonelli, Matt@ahtlawfirm.com
Hannah D. Price, Hannah@ahtlawfirm.com
Larry D. Thompson, Jr., Larry@ahtlawfirm.com
Zachariah S. Harrington, Zac@ahtlawfirm.com
Chad Takashi Nitta, chat.nitta@kutakrock.com
Jason Jackson, Jason.jackson@kutakrock.com

*/s/ James Beard*
James Beard